UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JILL L.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

1:22-CV-00714 CDH

## INTRODUCTION

Plaintiff Jill L. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to Titles II and XVI of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 7; Dkt. 9; Dkt. 10). For the reasons that follow, the Court grants Plaintiff's motion to the extent that the matter is remanded for further administrative proceedings and denies the Commissioner's motion.

## BACKGROUND

On November 22, 2019, Plaintiff protectively filed applications for DIB and

SSI. (Dkt. 6 at 20, 155-56).[1] Her applications were initially denied on February 21, 2020, and upon reconsideration on May 12, 2020. (*Id.* at 20, 190-235). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id.* at 236-37), which was held on January 7, 2021 (*id.* at 40-100). On March 9, 2021, the ALJ issued an unfavorable decision. (*Id.* at 17-39). Plaintiff sought review from the Appeals Council, which denied her request on July 22, 2022. (*Id.* at 6-11). Plaintiff thereafter commenced this action. (Dkt. 1).

## LEGAL STANDARD

### I. Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* §§ 404.1520(c), 416.920(c).

---

[1] In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* §§ 404.1509, 416.909, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id.* §§ 404.1520(e), 416.920(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. §§ 404.1545, 416.945.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II. Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for DIB or SSI. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v.*

*Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. Before proceeding to step one, the ALJ found that Plaintiff met the insured status requirements of the Act through June 30, 2023. (Dkt. 6 at 22).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since November 16, 2018, the alleged onset date. (*Id.* at 22-23). The ALJ found at step two that Plaintiff had the following severe impairments: "degenerative disk disease of the thoracic and lumbar spine with radiculopathy and myofascial pain

syndrome of the bilateral thoracic and lumbar paraspinal muscles; mixed bilateral hearing loss; and obesity[.]" (*Id.* at 23). The ALJ also concluded that Plaintiff had the following non-severe impairments: breast cellulitis, Vitamin D deficiency, allergic rhinitis; history of ectopic pregnancy; chronic pain syndrome; depression; post-traumatic stress disorder; and cannabis use. (*Id.*).

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id.* at 25). At step three, the ALJ specifically discussed the criteria of Listings 1.04, 2.10, and 11.14. (*Id.* at 25-26). The ALJ also considered the impact of Plaintiff's obesity, in accordance with Social Security Ruling ("SSR") 19-2p. (*Id.*).

The ALJ assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the additional limitations that Plaintiff:

> is limited to frequent finger and handling; occasional stooping and crouching; no kneeling or crawling; no ladders, ropes, or scaffolds; no unprotected heights. She should avoid the use of heavy machinery as well as motor vehicles for work purposes. She is limited to occupations with noise levels consistent with those found in a standard office work environment. She should avoid the use of the telephone for work purposes.

(*Id.* at 26). The ALJ then proceeded to step four and found that Plaintiff had no past relevant work. (*Id.* at 31).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 31-32). The ALJ ultimately

concluded that Plaintiff was not disabled, as defined in the Act, from November 16, 2018, through the date of the ALJ's decision. (*Id.* at 31-32).

## II. The Commissioner's Final Determination is Supported by Substantial Evidence and does not Contain a Reversible Legal Error

Plaintiff argues that: (1) the ALJ failed to properly consider Plaintiff's headaches at step two and when assessing Plaintiff's residual RFC; (2) the ALJ failed to properly analyze the medical opinions of record pursuant to the Commissioner's regulations, failed to seek clarification of vague opinions, and improperly relied on his own lay interpretation of the evidence to formulate the physical RFC; and (3) failed to properly assess Plaintiff's subjective complaints related to her lumbar spine pain. (*See* Dkt. 7-1 at 1). For the reasons that follow, the Court agrees that the ALJ failed to follow the applicable regulations in assessing the medical opinions of record and that this error requires remand. Having thus concluded, the Court need not and does not reach the other arguments raised by Plaintiff.

### A. Standard for Assessment of Medical Opinions

In adjudicating a disability application, an ALJ must consider and weigh the evidence of record, including medical opinions. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *see also* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). The Commissioner's regulations set forth the following factors that the ALJ considers when assessing the persuasiveness of a medical opinion: (1) supportability, meaning that, "[t]he more relevant the objective medical evidence and supporting explanations

- 6 -

presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . .will be"; (2) consistency, meaning that, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be"; (3) relationship with the claimant, including the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and whether the relationship included a physical examination; (4) specialization, meaning that the opinion of a specialist "may be more persuasive about medical issues related to his or her area of specialty" than the opinion of a non-specialist; and (5) "other factors that tend to support or contradict a medical opinion," which includes but is not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

Supportability and consistency are the most important factors, and must be discussed in the ALJ's decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors. *Id.*

### B. The ALJ's Failure to Comply with the Regulations

In this case, the ALJ failed to apply the Commissioner's regulations when assessing the medical opinions of record. The record before the ALJ contained four medical opinions regarding Plaintiff's physical limitations: the opinion of consultative examiner Dr Nikita Dave; the opinion of consultative examiner Dr. Hongbiao Liu; the opinion of state agency reviewer Dr. C. Krist; and the opinion of state agency reviewer

Dr. J. Koenig. (Dkt. 6 at 138-43, 168-72, 629-34). The ALJ failed to assign a level of persuasiveness to Dr. Dave's opinion or analyze it in accordance with the regulations. The ALJ further found that Dr. Liu's opinion was "only somewhat persuasive as it is vague in part," but failed entirely to explain how he considered the supportability and consistency factors. (*Id*. at 31).[2]

Defendant does not dispute that the ALJ failed to assess these opinions pursuant to the applicable regulations but contends that this failure "is of no moment" because "the ALJ's RFC finding is more restrictive than Drs. Dave, Krist, and Koenig's opinion/findings" and "the ALJ's RFC finding accounted for Dr. Liu's opinion." (Dkt. 9-1 at 19-20). The Court disagrees, specifically with respect to Dr. Liu's opinion. Dr. Liu opined that Plaintiff would have "mild to moderate limitations for any activity with acute auditory accuracy" due to her hearing impairment. (Dkt. 6 at 634) (emphasis added). Defendant argues that the ALJ's conclusion that Plaintiff "was limited to noise levels consistent with those found in a standard office work environment and . . .should avoid the use of the telephone for work purposes" is either consistent with or more restrictive than this opinion. (Dkt. 9-1 at 20). Defendant offers no explanation for this conclusion, and the Court is unable to discern what the

---

[2]   As to Drs. Krist and Koening, the ALJ found their opinions "only somewhat persuasive," because "the limitations assessed were vague in part and not stated in entirely policy compliant terms" and because "the medical consultants did not adequately consider the claimant's comorbid condition of obesity and they did not have the benefit of the claimant's testimony at the hearing level[.]" (*Id*. at 25). The ALJ noted, however, that "the limitation to light work is consistent with the evidence of record, including imaging of the claimant's spine and her routine and conservative treatment[.]" (*Id*.). The Court need not determine whether this constitutes an adequate assessment under the regulations, because it determines that remand for administrative proceedings is required regardless.

basis for it is. A limitation on using the telephone is not equal to or more restrictive than a limitation in every activity that requires acute auditory accuracy; such activities plainly extend beyond the use of a telephone. Further, Dr. Liu did not suggest that the identified limitation would exist only in environments with excessive ambient noise, and so it is unclear how limiting Plaintiff to noise levels consistent with those found in a standard office work environment accounts for Plaintiff's difficulties with acute auditory accuracy.

*Marquise G. v. Comm'r of Soc. Sec.*, 655 F. Supp. 3d 149 (W.D.N.Y. 2023), is persuasive on this point. In that case, the consultative examiner opined that the plaintiff had a "moderate limitation for any activity with auditory accuracy." *Id.* at 155. The ALJ included in the RFC finding the limitations that the plaintiff could "work in a moderate noise level environment . . .; is limited to occupations where oral communication is face to face; is limited to jobs where all oral communication is short, simple and clear; limited to occupations where telephones and other audio-visual equipment are not required to perform the work or must have the ability to use volume controls or speaker capability." *Id.* at 154-55.

The court explained that "[w]hile the RFC plainly incorporated limitations relevant to a hearing impairment," it was not clear that those limitations would account for the limitation on activities requiring auditory accuracy. *Id.* at 155. The court further explained that "[w]ithout further explanation from the ALJ as to how the assessed RFC accounts for Plaintiff's bilateral hearing impairment, the Court cannot meaningfully review whether the RFC is supported by substantial evidence." *Id.*

Similarly, in this case, in the absence of any meaningful explanation by the ALJ as to how he did or did not incorporate Dr. Liu's opinion into his RFC finding, the Court cannot perform its function of assessing whether the RFC finding was based on substantial evidence. *See, e.g., Cecelia J. v. Comm'r of Soc. Sec.*, No. 19-CV-1483-HBS, 2021 WL 431673, at *3 (W.D.N.Y. Feb. 8, 2021) ("The Court cannot conduct a meaningful review of the ALJ's decision without some indication of what inferences the ALJ drew from the record evidence and how those inferences led him to his RFC finding."). The ALJ's failure to appropriately assess Dr. Liu's opinion was accordingly not harmless error, and remand for further administrative proceedings is required.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for judgment on the pleadings (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:    September 25, 2025
          Rochester, New York